(636 P.2d 198)

No. 52,617

In the Interest of JAMES M. HOBSON, T/N JAMES M. CRUMM, JR., A Male Minor Under 18 Years of Age.

Petition for review denied January 15, 1982.

Opinion filed November 19, 1981.

*Kathleen W. Dillon* and *Edward V. Byrne,* of Schlagel & Sloan, of Olathe, for the appellant.

*David D. Belling,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before JUSTICE HERD, presiding, SWINEHART, J., and LEWIS L. MCLAUGHLIN, District Judge Retired, assigned.

SWINEHART, J.: This is an appeal from the judgment of the District Court of Miami County finding James M. Hobson, T/N James M. Crumm, Jr., not a fit and proper person to be dealt with under the Kansas Juvenile Code, pursuant to K.S.A. 1980 Supp. 38-808(*b*).

Hobson was charged with first degree murder for the shotgun killing of his stepbrother. The incident occurred just thirty-seven days before the juvenile was to turn eighteen. The State moved to certify Hobson for trial as an adult and for waiver of juvenile court jurisdiction, pursuant to K.S.A. 1980 Supp. 38-808. The trial court held a two-and-a-half-day hearing on the motion and heard a considerable amount of testimony. A good portion of the testimony concerned the various juvenile facilities located throughout the state and the treatment programs which would be available. The trial court also heard testimony from a number of experts in regard to the type of treatment which would most benefit Hobson.

After hearing the evidence, the trial court granted the State's motion and held that Hobson was not a fit and proper person to be dealt with under the juvenile code.

Hobson raises two issues on appeal: (1) whether the decision of the trial court that he was not a fit and proper person to be dealt with under the Kansas Juvenile Code was based on substantial

competent evidence; and (2) whether the decision denying him the benefits and protection of the juvenile code, which was based in part upon the trial court's dissatisfaction with certain provisions of that code, was arbitrary and constitutes a denial of due process.

Upon a review of the record, we hold that the trial court's decision is supported by substantial competent evidence and is in keeping with the principles recently set forth by the court in *In re Johnson,* 5 Kan. App. 2d 420, 617 P.2d 1273, *rev. denied* 229 Kan. 670 (1980). Therefore, Hobson's first contention of error fails.

Hobson's second contention of error concerns the following statement which was included in the trial court's journal entry:

"Also, the court is disturbed that once the custody of the juvenile is remanded to the Secretary of Social and Rehabilitation Services, the Court would lose any control over the juvenile. There is no guarantee that the juvenile would remain in the care and custody of the Secretary of Social and Rehabilitation Services until his psychiatric and psychological needs have been met."

Hobson contends that the trial court's apparent dissatisfaction with the juvenile laws resulted in a denial of due process.

The trial court's concern about the lack of judicial control over juvenile offenders once they are placed in the custody of the Secretary of Social and Rehabilitation Services is an issue which should more properly be dealt with by the legislature, and not the courts. What is perceived as an inadequacy in the present juvenile code should not be considered as a factor in determining whether a particular juvenile is a fit and proper person to be dealt with under the code. We therefore find that the trial court erred. The error, however, is not reversible.

In *In re Edwards,* 227 Kan. 723, 728, 608 P.2d 1006 (1980), the court was presented with a similar factual situation. One factor considered by the trial court in *Edwards* was that the committing court could not require the juvenile facility, or the Secretary of Social and Rehabilitation Services, to whom the delinquent was committed, to keep him locked up until age 21, or until the committing court was satisfied that the juvenile was successfully rehabilitated. The Kansas Supreme Court affirmed the trial court's decision, notwithstanding its error, stating: "It cannot be said, however, that the trial court based its decision solely on that conclusion." 227 Kan. at 728. This statement is equally applicable to the case here on appeal. The record clearly reflects that the

trial court considered all the factors listed in K.S.A. 1980 Supp. 38-808(*b*). The fact that the trial court erred by also considering its dissatisfaction with certain provisions of the juvenile code is insufficient to constitute reversible error.

Affirmed.